# EXHIBIT A

## Statement of Petitioner Pursuant to Section 1515(c) of the Bankruptcy Code

WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020-1095
(212) 819-8200
John K. Cunningham
Thomas E. MacWright
Ricardo M. Pasianotto

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (*pro hac vice* pending)
Amanda Parra Criste (*pro hac vice* pending)

111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
(312) 881-5400
Jason N. Zakia (*pro hac vice* pending)

*Attorneys for Antonio Reinaldo Rabelo Filho,
as Petitioner and Foreign Representative*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>InterCement Brasil S.A.,<br><br>    Debtor in a Foreign Proceeding. | Case No. 24-[●] (MG)<br><br>Chapter 15 |
| In re:<br><br>InterCement Participações S.A,<br><br>    Debtor in a Foreign Proceeding. | Case No. 24-[●] (MG)<br><br>Chapter 15 |
| In re:<br><br>InterCement Financial Operations B.V.,<br><br>    Debtor in a Foreign Proceeding. | Case No. 24-[●] (MG)<br><br>Chapter 15 |

2

|  |  |
|---|---|
| In re:<br><br>InterCement Trading e Inversiones S.A.,<br><br>         Debtor in a Foreign Proceeding. | )<br>)<br>)<br>)  Case No. 24-[●] (MG)<br>)<br>)  Chapter 15<br>)<br>) |

**STATEMENT OF FOREIGN REPRESENTATIVE
PURSUANT TO SECTION 1515(c) OF THE BANKRUPTCY CODE**

    I, Antonio Reinaldo Rabelo Filho, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge and belief:

    1.    I am the duly-authorized foreign representative of InterCement Brasil S.A. ("**ICB**"), InterCement Participações S.A. ("**ICP**"), InterCement Financial Operations B.V. ("**IC Financial**"), and InterCement Trading e Inversiones S.A. ("**ITI**" and, together with ICB, ICP, and IC Financial, the "**Chapter 15 Debtors**") in the judicial reorganization (*recuperação judicial*) proceeding (the "**Brazilian RJ Proceeding**") of the Chapter 15 Debtors and certain of their affiliated debtors commenced on December 3, 2024 pursuant to Federal Law No. 11.101 of February 9, 2005, of the laws of the Federative Republic of Brazil, pending before the 1st Bankruptcy and Restructuring Court of São Paulo (the "**Brazilian Bankruptcy Court**").[1]

    2.    I respectfully submit this statement, as required under section 1515(c) of title 11 of the United States Code (the "**Bankruptcy Code**"), in support of the verified petition (the "**Verified Petition**")[2] filed concurrently herewith requesting recognition by this Court of the Brazilian RJ

---

[1]    The case number for the Brazilian RJ Proceeding before the Brazilian Bankruptcy Court is 1192002-34.2024.8.26.0100.

[2]    Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Verified Petition.

3

Proceeding as a foreign main proceeding or, alternatively, with respect to IC Financial or ITI, a foreign non-main proceeding.

### The Brazilian Bankruptcy Court EJ Proceeding

3.     As disclosed in the *Petitioner's Declaration and Verified Petition for Recognition of the Brazilian Proceeding and Motion for Order Granting Related Relief Pursuant to 11 U.S.C. §§ 105(A), 1515, 1517, 1520, and 1521* [ECF No. 2] (the "**Verified Petition**"), on July 15, 2024, ICB, ICP, IC Financial, ITI, and InterCement Trading e Inversiones Argentina S.L. (collectively, the "**EJ Debtors**") and their ultimate parent Mover Participações S.A. ("**Mover**", and together with the EJ Debtors, the "**Brazilian Applicants**") initiated an interim insolvency proceeding in the form of a court-supervised mediation (the "**Brazilian Mediation**") with the Câmara Especial de Resolução de Conflitos em Reestruturação de Empresas ("**CamCMR**", or the "**Mediation Chamber**"). The Brazilian Applicants also requested and obtained a 60-day injunction from the Brazilian Bankruptcy Court.[3]

4.     On September 16, 2024, the EJ Debtors filed a motion to effectively supplant the Brazilian Mediation with the EJ Proceeding by filing a petition for *recuperação extrajudicial* (the "**EJ Petition**"), together with a restructuring plan, with the Brazilian Bankruptcy Court.[4] The EJ Petition was filed within the same proceeding as the Brazilian Mediation before the same Brazilian Bankruptcy Court. On the same day, the Brazilian Bankruptcy Court entered an order accepting the EJ Petition (the "**EJ Acceptance Order**") and granted a stay against all collection actions or enforcement proceedings relating to impaired claims commenced against any EJ Debtor for 120 days (the "**EJ Stay**").[5] Although Brazilian Bankruptcy Law provides an EJ debtor with a 180-day

---

[3]    *In re InterCement Brasil S.A.*, Case No. 24-11226 (MG) (July 15, 2024) [Docket No. 4], Exhibits B-E.

[4]    *In re InterCement Brasil S.A.*, Case No. 24-11226 (MG) (September 17, 2024) [Docket No. 30], Exhibits A-B.

[5]    *In re InterCement Brasil S.A.*, Case No. 24-11226 (MG) (September 17, 2024) [Docket No. 30], Exhibit C.

4

stay against creditor actions upon acceptance of an EJ petition, because the Brazilian Applicants previously received the 60-day stay as part of the Brazilian Mediation, the EJ Stay was reduced to 120 days.

5. On December 5, 2024, the Brazilian Bankruptcy Court entered an order dismissing the EJ Proceeding.[6]

### Dutch Extrajudicial Restructuring Scheme (WHOA)

6. As disclosed in the Verified Petition, on July 9, 2024, a holder of certain 5.750% senior notes in the aggregate principal amount of US$750 million, which are governed by that certain Indenture dated as of July 17, 2014 by and between IC Financial, as issuer, ICB and ICP, as guarantors, and Deutsche Bank Trust Company Americas (thereafter replaced by UMB Bank, N.A., the "**Indenture Trustee**") as trustee, registrar, transfer agent, and paying agent, filed a petition requesting that the District Court of Amsterdam (the "**Dutch Court**") appoint a restructuring expert for IC Financial (the "**WHOA Petition**") pursuant to Article 371(1) of the Dutch Act on the Confirmation of Private Plans (*Wet homologatie onderhands akkoord*) ("**WHOA**"). On July 17, 2024, IC Financial responded to such petition objecting to the request for appointment of a restructuring expert and requesting a four (4) month cooling-off period under the WHOA.

7. On July 31, 2024, the Dutch Court issued an order (the "**Dutch Order**") denying the request for appointment of a restructuring expert and granting IC Financial's request for a four (4) month cooling off-period commencing on July 31, 2024. The cooling off-period was set to expire on December 1, 2024.[7]

---

[6] The EJ dismissal order is attached to the Brazilian Counsel Declaration as Exhibits E-F.

[7] *In re InterCement Brasil S.A.*, Case No. 24-11226 (MG) (August 6, 2024) [Docket No. 26], Exhibit B.

5

8. On November 1, 2024, certain members of the ad hoc group (the "**Ad Hoc Group**") of holders of the NY Notes filed two petitions with the Dutch Court concerning the WHOA proceeding. First, Redwood Master Fund filed a petition to lift the cooling off period. Second, the Ad Hoc Group filed a petition for declaration of bankruptcy of IC Financial. IC Financial opposed these motions, arguing that the WHOA's cooling-off period automatically suspended the bankruptcy petition, and sought an extension of the cooling-off period before its December 1, 2024 expiration. IC Financial also sought the appointment of a plan expert to help mediate its disputes with the Noteholders. The Dutch Court held a hearing regarding the cooling-off period on November 21, 2024. Subsequently, IC Financial conditionally filed for the appointment of a plan expert to help mediate its disputes with the Noteholders. On December 5, 2024, the Dutch Court entered an order to extend the WHOA cooling-off period until January 31, 2025.[8]

### Spanish Pre-Insolvency Proceeding

9. As disclosed in the Verified Petition, on July 16, 2024, ITI filed a notice (the "**Spanish Notice**") of its commencement of pre-insolvency proceedings in the Commercial Court No. 2 of Bilbao, Spain (the "**Spanish Court**").

10. On July 24, 2024, the Spanish Court provided notice of its issuance of an order (on July 19, 2024) accepting the Spanish Notice (the "**Spanish Order**"). As a result, under Spanish insolvency law, all creditor enforcement actions against rights and assets owned by ITI that are necessary for its business activity were stayed for a three (3) month period retroactively commencing on July 16, 2024. The cooling off period was set to expire on October 16, 2024.[9]

---

[8] The decision from the Dutch court dated December 5, 2024 is attached to the Verified Petition as Exhibits E-F.

[9] *In re InterCement Brasil S.A.*, Case No. 24-11226 (MG) (August 6, 2024) [Docket No. 26], Exhibit A.

6

11. On October 15, 2024, ITI, with the support of creditors of over 50% of its indebtedness, filed a motion with the Spanish Court seeking to extend the stay of creditor enforcement actions against ITI and its assets for a further three-month period (the "**Extension Motion**"). The Spanish Court found that the Extension Motion had the creditor support required under Spanish insolvency law and entered an order extending the stay an additional three (3) months (the "**Spanish Extension Order**"). The cooling off period is now set to expire on January 16, 2024.[10]

## Conclusion

12. The Brazilian RJ Proceeding and the above-disclosed proceedings, to the extent the proceedings underway in the Dutch or Spanish Courts each constitute a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code, are the only foreign proceedings (within the meaning of 101(23) of the Bankruptcy Code) currently or soon to be pending with respect to the Chapter 15 Debtors that are known to me.

*[Remainder of the page intentionally left blank]*

---

[10] *In re InterCement Brasil S.A.*, Case No. 24-11226 (MG) (November 8, 2024) [Docket No. 68], Exhibit C.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 9, 2024

Antonio Reinaldo Rabelo Filho
*Petitioner and Foreign Representative*
